IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ERIC AARON BRAMBLETT #611202,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 3:23-cv-00372** |
| v. ) | |
| ) | **JUDGE CAMPBELL** |
| **DAVIDSON COUNTY SHERIFF'S** ) | |
| **OFFICE,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiff Eric Aaron Bramblett, a pretrial detainee at the Davidson County Sheriff's Office ("Jail"), filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) concerning his lack of medical treatment for Hepatitis C at the Jail. He also filed an application to proceed as a pauper. (Doc. No. 2). The application will be **GRANTED**, and upon initial review of the Complaint, Plaintiff has stated a potential claim for denial of constitutionally adequate medical care, but he has named a proper Defendant for that claim. Therefore, for this case to proceed, Plaintiff **MUST** file an Amended Complaint by following the instructions at the end of this Order.

### I. APPLICATION TO PROCEED AS A PAUPER

An inmate may bring a civil case without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper shows that he cannot pay the full filing fee in advance. (*See* Doc. No. 2 at 3). Plaintiff's application (Doc. No. 2) is therefore **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to [the plaintiff's] account; or (B) the average monthly balance in [the plaintiff's] account for the 6-

month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. *Id.* § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. REVIEW OF THE COMPLAINT

The Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). And because Plaintiff is representing himself, the

Court must liberally construe the Complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Liberally construing the Complaint in Plaintiff's favor, he alleges as follows: After a blood test in January 2023, a Jail employee told Plaintiff that he has Hepatitis C. (Doc. No. 1 at 5). Plaintiff requested treatment, and a Jail employee responded, "they do not treat it here." (*Id.*). Plaintiff continued receiving psychiatric medication that is "hard on [his] liver," despite Jail staff knowing that Plaintiff had elevated liver enzymes and swollen legs. (*Id.*). As a result of his condition, Plaintiff has pain in his liver, legs, and right side, where he also has jaundice skin. (*Id.*).

Plaintiff brings this case under 42 U.S.C. § 1983, which allows an individual to pursue a civil claim against a state actor for violating the Constitution. *See Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). Plaintiff, as a pretrial detainee, has a right to adequate medical care under the Fourteenth Amendment. *See Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022). A state actor violates that right by demonstrating deliberate indifference to Plaintiff's serious medical needs. *See id.* This claim requires Plaintiff to show two things: (1) that he had a sufficiently serious medical need; and (2) that the state actor acted with the necessarily level of deliberate indifference—in this context, that means showing that "the defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *See Helphenstine v. Lewis Cnty., Ky.*, 60 F. 4th 305, 317 (6th Cir. 2023). And to state this claim against a county, Plaintiff must allege that the deprivation of constitutionally adequate medical care was caused by a policy or custom of the county. *See Hardrick v. City of Detroit, Michigan*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)).

3

Case 3:23-cv-00372   Document 4   Filed 04/25/23   Page 3 of 5 PageID #: 21

Accepting the allegations as true, Plaintiff has alleged the potential framework of a claim for denial of constitutionally adequate medical care against either Davidson County or an individual employee at the Jail. That is because Plaintiff's alleged Hepatitis C (and the resulting complications) is a sufficiently serious medical need. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562–63 (6th Cir. 2011) (referring to Hepatitis C as a "potentially life-threatening illness[]"). The Jail employees' alleged failure to provide treatment for this need reflects the necessary level of deliberate indifference. And the alleged response to Plaintiff's request for treatment—that "they do not treat [Hepatitis C] here"—gives rise to a plausible inference that Davidson County has a policy or custom of not treating inmates with Plaintiff's condition at the Jail, regardless of how serious the inmate's medical need.

Plaintiff's problem, however, is that he did not actually sue Davidson County or any individual employee at the Jail. Instead, Plaintiff sued only the "Davidson County Sheriff's Office." (Doc. No. 1 at 1–2). And a sheriff's office is not a legal entity that is subject to suit under Section 1983. *See Mathes v. Metro. Gov't of Nashville and Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (collecting cases). So the Complaint cannot proceed in its current form. But rather than dismiss the case, and because Plaintiff's claim of constitutionally inadequate medical care could potentially proceed if Plaintiff named a proper Defendant, the Court will give Plaintiff a chance to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). For this purpose, the Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners.

### III. INSTRUCTIONS TO PLAINTIFF

For this case to proceed, Plaintiff **MUST** file an Amended Complaint that names one or more proper Defendants to a Section 1983 case. To sue Davidson County or a specific employee

4

at the Davidson County Sheriff's Office, Plaintiff must clearly list the County and/or that employee as a Defendant on the Amended Complaint form. Plaintiff should provide as much detail as possible about how each specific Defendant allegedly violated his constitutional rights (the "who, what, when, where, why, and how"). The Amended Complaint will replace the original complaint for all purposes, so it must include all the factual allegations, legal claims, and Defendants that Plaintiff wants to pursue regarding this issue. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted).

Plaintiff **MUST** file the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 3:23-cv-00372**. Plaintiff may request more time to comply before the deadline expires, if necessary. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

When the Court receives the Amended Complaint, it will conduct a fresh screening to determine whether Plaintiff states a claim for relief. If Plaintiff does not file an Amended Complaint, however, then the Court will dismiss this case for failure to state a claim. Additionally, failure to immediately notify the Court of any change in address may result in dismissal of the case without further Order. M.D. Tenn. L.R. 41.01(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE