IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ERIC AARON BRAMBLETT #611202, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:23-cv-00372 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| DARON HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Eric Aaron Bramblett, a pretrial detainee at the Davidson County Sheriff's Office, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and an application to proceed as a pauper. The Court granted pauper status and gave Plaintiff an opportunity to file an Amended Complaint. (Doc. No. 4). Plaintiff has now done so (Doc. No. 8), and as explained below, this case may go forward against the two Defendants named in the Amended Complaint. Plaintiff should consult the end of this Memorandum and Order for further instructions.

## I. INITIAL REVIEW

The Court must dismiss the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c). And the Court must hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**A. Allegations**

This case concerns an alleged lack of treatment for Hepatitis C at the Davidson County Sheriff's Office ("Jail"). Plaintiff sues Sheriff Daron Hall and Sam Defranco, a physician assistant (PA) at the Jail. Liberally construing the Amended Complaint, Plaintiff alleges as follows:

On March 3, 2023, PA Defranco told Plaintiff that he has Hepatitis C. (Doc. No. 1 at 5). Plaintiff asked for treatment, and Defranco responded, "We do not treat Hep C here." (*Id.*). Defranco knew that Plaintiff had swelling in his legs and "severe back pain," but she was "unresponsive." (*Id.*). Plaintiff also suffers from kidney pain, and he was supposed to get a blood test to check his kidneys, but his blood was never drawn. (*Id.*). Plaintiff submitted a request for release to Sheriff Hall so that he could obtain treatment, but Plaintiff's request was ignored. (*Id.*).

**B. Legal Standard**

On initial review, the Court applies the Rule 12 (b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

**C. Discussion**

Plaintiff brings this case against PA Defranco and Sheriff Hall in their individual and official capacities. (Doc. No. 8 at 2). "[A]n individual-capacity claim seeks to hold an official personally liable for the wrong alleged," while "[a]n official-capacity claim against a person is essentially a claim against the" entity that the person represents. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citation omitted). The Court will address each type of claim in turn.

1. <u>Individual-Capacity Claims</u>

Plaintiff alleges that PA Defranco was aware of his Hepatitis C diagnosis (and accompanying leg swelling, severe back pain, and kidney pain) but provided him no treatment. As a pretrial detainee, Plaintiff has a Fourteenth Amendment right to be free from deliberate indifference to serious medical needs. *See Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022).

2

Case 3:23-cv-00372   Document 9   Filed 06/30/23   Page 2 of 5 PageID #: 42

To state a claim for a violation of this right, Plaintiff must allege that: (1) he had a sufficiently serious medical need; and (2) a defendant "acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F. 4th 305, 317 (6th Cir. 2023). Accepting the allegations as true, Plaintiff states such a claim against PA Defranco.

As for Sheriff Hall, however, Plaintiff fails to state an individual-capacity claim. Plaintiff alleges that Hall ignored his request for release to seek medical treatment. But "a mere failure to act will not suffice to establish supervisory liability." *Peatross*, 818 F.3d at 241 (citations omitted). Imposing personal liability on Hall would require an allegation that he "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 242 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff makes no such allegation here.

2. Official-Capacity Claims

Plaintiff's official-capacity claims against PA Defranco and Sheriff Hall are essentially claims against Davidson County, the entity both Defendants represent. (Doc. No. 8 at 2); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985))). To state a Section 1983 claim against Davidson County, Plaintiff must allege that the County had a policy or custom that directly caused the deprivation of constitutionally adequate medical care discussed above. *See Hardrick v. City of Detroit, Michigan*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)).

PA Defranco allegedly said, "We do not treat Hep C here." This alleged statement gives rise to a plausible inference that Davidson County has a policy or custom of providing no treatment

3

for inmates with Plaintiff's condition at the Jail. This alleged policy or custom supports a claim of deliberate indifference to serious medical needs against Davidson County. Sheriff Hall, as a representative of Davidson County, will remain as a Defendant in his official capacity only. And Plaintiff's official-capacity claim against PA Defranco will be dismissed as redundant. *See J.H. v. Williamson Cnty., Tenn.*, 951 F.3d 709, 723 n.4 (6th Cir. 2020) ("The district court correctly dismissed these official capacity claims as superfluous of the claim against the county." (citing *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014))).

       3. Dismissal of Request for Release

Finally, the Court notes that in addition to monetary damages, Plaintiff requests release from Jail so that he can obtain medical treatment. (Doc. No. 1 at 6). But that relief is not available in a Section 1983 case. Instead, an inmate seeking immediate or speedier release from imprisonment can only obtain that relief, if at all, by filing a petition for "a writ of habeas corpus." *See Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("Where the relief sought is 'a determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner must pursue relief through a writ of habeas corpus, not through § 1983." (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))).

## II. CONCLUSION AND INSTRUCTIONS TO PLAINTIFF

For these reasons, Plaintiff may proceed with claims for deliberate indifference to serious medical needs against PA Sam Defranco in her individual capacity and Sheriff Daron Hall in his official capacity. All other claims are **DISMISSED**, as is Plaintiff's request for release from Jail.

It is Plaintiff's responsibility to ensure that both remaining Defendants are served with summons and the Complaint. The Clerk is **DIRECTED** to send Plaintiff two service packets (a blank summons and USM 285 form) and the Court's Information Sheet for pro se prisoners titled

4

Case 3:23-cv-00372    Document 9    Filed 06/30/23    Page 4 of 5 PageID #: 44

"Service of Process in Civil Rights Cases."[1] Plaintiff **MUST** complete a service packet for each Defendant and return it to the Clerk's Office within **30 DAYS** of the date this Order is entered on the docket. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

Failure to return a completed service packet by the deadline could lead to dismissal of this case, but Plaintiff may request more time to comply with this Order, if necessary. Also, this case may be dismissed if Plaintiff fails to notify the Clerk's Office of any change in address.

This case is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. The Court's determination that the Amended Complaint states a colorable claim for purpose of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.